**Martin SHAPIRO and Phyllis Shapiro, Plaintiffs–Appellants,**

v.

**SACRED HEART UNIVERSITY, Dr. D. Aubrey and Dr. A. Cernera, Defendants–Appellees,**

**Roman Catholic Diocese of Bridgeport, Defendant.**

**No. 01–7613.**

United States Court of Appeals, Second Circuit.

April 16, 2002.

Daniel H. Schneider, Tieman & Schneider, Huntington, CT., for Appellants.

John B. Farley, Halloran & Sage, Hartford, CT, for Appellees.

Present KEARSE, SACK and B.D. PARKER, Jr., Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the District of Connecticut, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated in Magistrate Judge Donna F. Martinez's Recommended Ruling on Defendants' Motion for Summary Judgment, dated March 15, 2001, adopted by Judge Chatigny's endorsed order dated March 30, 2001.

We reject plaintiffs' contention that the district court erred by weighing the evidence or by concluding that there was no evidence to support their claim under the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* that plaintiff Martin Shapiro ("Shapiro") suffered adverse employment action as a result of having, or being regarded as having, one or more disabilities. The fact that Shapiro informed defendants of his alleged impairments does not suffice to show that defendants took any action as a result of that information, *see, e.g., Reeves v. Johnson Controls World Services, Inc.,* 140 F.3d 144, 153 (2d Cir.1998), and plaintiffs presented no evidence from which a rational juror could infer action by defendants on such a basis.

We also reject plaintiffs' contention that the district court erred in dismissing state-law claims, asserted in their original complaint, for emotional distress as a result of defendants' conduct. That complaint plainly failed to state a claim on which relief can be granted; and given the evidence adduced by plaintiffs in support of their other claims, we see no possibility that any such claims could validly be pleaded, as no rational juror could find any intentional infliction of emotional distress, nor any negligent conduct that could support such claims.

We have considered all of plaintiffs' contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.